Michael Crowley on behalf of Mr. George Garibay, who is not present before the Court. This simply is a case in which the Federal standard, the generic definition, does not meet the State. The State has a much broader way of being able to convict someone of attempted murder. I wasn't persuaded by your brief, so why don't you try to persuade me? I'm sorry to hear that. I mean, you know, as Judge Wattsford said in the earlier case, I'm going to put my cards on the table. I wasn't persuaded. I mean, I can tell you why, but it seemed to me the California rule and the common law rule both called for sort of a violent act, an intention to kill, and that's the key, and I'm not sure. So the difference is the intent part of it. That is the part that where California allows for this greater liability in the kill zone. Well, is it a greater liability? I mean, if it's intent to kill, does it really matter whether you sort of how many you intend to kill or whether sort of the who is in the zone? The key there is you're intending to take human life. And that could be. I don't mean to argue with you, but this is how I see it, and I don't know whether, you know, this kill zone business makes. Why does it make any difference? Well, it makes a difference because we take into account when we're doing the categorical approach, we take into account many factors. For example, the U.S. Supreme Court in the Moncrief case, I believe is the way it's pronounced, stated that we take into sentencing factors in certain aspects. So the way the State applies, as evidenced here by the California jury instructions, they apply what they put down in the law is critical to applying the categorical approach. You know, those are abstractions. Why don't you give me a for instance? What is, for instance, a hypothetical situation where somebody could be convicted under the California definition that they wouldn't also be convicted under the federal definition? For example? I don't know if that's a fair way of looking at it, but that's sort of how I see it. I understand. If I'm wrong about that, you can correct me, but that's how I see it. Give me a for instance. Well, for example. Let me just say, you know, like we have the definition of burglary and so on, and I forget exactly, you know, like fumbus and boats and things of that sort sometimes fall in the State definition that don't fall in the federal definition. We can say, oh, look, a boat. You know, you could be on a boat. And, you know, they say, aha, you know, under the generic definition, a boat is not a dwelling, and therefore, you know. So this is what I'm thinking about. I'm sorry. I'm sort of expounding on the question, but that's sort of where I'm. I understand. I think that the first thing that comes to mind is the potential that someone could, especially in the gang context, which this is and almost all the cases, shoot up in the air. In fact, that was the facts, or at least as to some of the witnesses in the Stone case. There's no intent, really, but it could be construed as a kill zone. The jury has to find intent to kill, no? They do have to find an intent. They have to find some intent to kill. I mean, if the jury thinks he's shooting up in the air because it's a holiday or, you know. But if he says, if there's other evidence of some sort of circumstantial value that would allow them to infer the intent, California allows that much broader. They put it in the instruction. Why wouldn't that be also true under the generic definition? Well, I haven't seen. If you shoot up in the air intending to kill, you know, maybe you're really good at ballistics and you know how. Where we come down. Well, some people do. I understand what you're saying. And if the jury finds intent, is probably instructed and finds intent to kill, does it really matter where you point the gun? I haven't seen any federal case law or any federal instruction, no model instruction anywhere for federal or generic definition that allows for this type of kill zone, this broad definition of what an attempted murder could be. That's the difference. Whereas California specifically puts it in their jury instructions. Now, the Court is somewhat muddled in the sense of, for example, they have a case right now from the Court of Appeals that's been pending since 2014 in which the definition, what they say is, is the kill zone properly instructed, because they're grappling with it, because it is a much broader census than any kind of generic notion under any kind of federal law. Federal court, federal law, generic definition. You need a specific person. The intent has to be as to that person, and that person can be convicted then based on that intent of attempted murder. In the California version, you could just have a group of people. Maybe they fall within that zone. Maybe they don't. There's actually case law about how big the zone might be in this situation. There's nothing like that on the federal side that I've seen. Any case law is cited by my opposition here. That's the difference. That's what makes it overbroad. Well, I still don't see the case that was somebody convicted under the kill zone definition that couldn't also be convicted under the generic or the federal definition. I still don't see it. I understand the concern about that, but all I'm saying is that there's nothing in the federal definitions or instructions or case law that I've seen that would allow the type of thing where, as the California courts have said, it could just be a bunch of people. And they grapple with the notion that if a person had some intent to kill, it could be anybody. Well, if you have a federal case, so let's put this on a federal enclave, just to explain why it's a federal enclave. It's something involving a crime, and the evidence is the defendant points his gun at a crowd of people. You think he couldn't be prosecuted for murder or attempted murder? He shoots in the crowd, and they can't identify anybody as being the intended victim. I think that I don't see any case law. He couldn't be prosecuted? Not for attempted murder. I don't see any case law that would allow that if there was not a specific intent as to a person. It's not in the instructions, and no cases have been cited that show that, whereas in state court, it would be a simple matter. They look right into their modeling. I guess that is the difference. You don't have any case law saying that that is not an appropriate. I do not. That's true. So that's what your case hinges on. Yes. If you can't identify a specific victim. So the guy who sends anthrax through the mail or a bomb through the mail, in your view, could not, you know, could be prosecuted for something else. Well, if you sent it to a specific person because you wanted to go after that person, then you could show by circumstantial evidence that there was specific intent to kill that person. We have cases where people send things to an institution, send this to an IRS office. I'm making up the institution. I understand. But it's sort of addressed to an institution, and it gets there. Sometimes it explodes along the way. We had a case in Alaska, the case was where the parents picked up the package. Anyway, so. And I understand where the. So you get the wrong person, but. I don't see any case law that would allow that prosecution to go forward as attempted murder. There may be many other charges. Yes, I'm persuading you. I mean, certainly there are many other things you could charge. But in your view, that person could not be charged with murder. Or, I'm sorry, attempted murder. I don't see that. I don't see anywhere in the case law. Maybe it would break new case law, but the instruction, the model instruction, you'd have to modify that. If you disagree, if we disagree with you on that, then you lose. That California, that in Federal, if you could do it in other ways. If we look at it and decide, yes, somebody like that could be charged and convicted under Federal law, then you would lose. Yes. I haven't seen. Yes, if the opposition had shown it to me or if I had found it, then I would say. Or if we hold it, right? Pardon? Or if we hold it. I don't. I'm just trying to make sure what it is. Yes, that is. You've got about half a minute left. I would like to preserve it. We'll hear from the government. Good morning. Ajay Krishnamurthy of the United States. Under California law, just like under Federal law, intent cannot be transferred between victims for attempted murder. Concurrent intent isn't an exception to this rule. It's just a recognition that in some instances, you can specifically intend to kill more than one victim at the same time. I'm not aware of any rule that says that you have to specifically know the identity of your victim, which seems to be the argument that Mr. Crowley is making now. But that's really not quite what the concurrent intent instruction addresses in the first instance. It's not necessarily about the identity of the victim. It's about the number of potential victims in a situation where you might only want to kill one person. But you try to do it in a way that ensures the death of everyone around that intended victim. Like bringing down a plane. Correct. So if you place a bomb on a plane intending only to kill one passenger, you know that you're trying to kill that person by killing everyone on that plane. So that's when the concurrent intent theory applies. What's the significance, if any, of the fact that the district court did absolutely zero analysis, absolutely no explanation of why he rejected the defendant's argument, but simply said, it's a good argument, but I don't buy it. That was it. I have no way of knowing why the district court rejected the argument. That's not significant? At this point, the question of whether or not attempted murder is a crime of violence is a question of law that this court would review de novo in any instance. So I'm not sure the district court's analysis carries much significance here. Okay. The Albino Lowe case, your view is it's binding precedent? It is. It was decided under a different provision of the guidelines. But nonetheless, that case held that attempted murder under California state law was a categorical match to the generic offense. And that was indeed the holding. Does it make any difference that they weren't addressing the defendant's kill zone argument on attempted murder? I agree that the argument raised in that case was different. About the affirmative defense, as I recall. But to suggest that that decision can be disregarded because the appellant in that case didn't make the same argument is conceptually no different than saying that Albino Lowe got it wrong. That's an argument that Mr. Garibay can make, but only on bunk. So nobody can challenge it on any new grounds? Unless there is a change in California law. I don't think that's right. I don't even think that's close to right. But maybe I could ask you just to respond on the force clause, because you also argue that attempted murder qualifies under the force clause. Correct. Maybe you can respond to their rebuttal to that. So under the definition advanced by the 2010 Johnson case, force under the force clause is force capable of causing physical pain or injury to another person. It seems that any attempt to kill someone necessarily involves that type of force because it is capable of killing that person. What about the poison hypothetical that they rely on? I mean, in the Supreme Supreme Court's decision in Castleman, it didn't address this precise definition of force. But the reasoning behind that definition was that it's not the direct force that matters. The force that matters is the poison's impact on someone else. It doesn't matter if your attempt to inject that person with poison was was forceful. It's that that would be no different than saying that you didn't throw a bullet at someone. You shot them with a gun. So it's the indirect force. In that case, that still qualifies in the force clause. What's the issue that the California Supreme Court has before it? And is that going to resolve some tension between the court of appeal decisions? Going back to the enumerated offenses clause, I'm not I'm not aware of the decision. The California Supreme Court has before it. Maybe I'm getting confused with the other case. Then I thought there was some pending California Supreme Court case that was going to resolve some tension on the scope of the California law. I think there are two cases. As specifically as well, counsel cited them in their brief. You didn't read them. I mean, I mean, they're pending in the California Supreme Court, you know, from the court of appeals. But you didn't look at them. I'm not aware of those cases. Find out what the issue was. I'm not aware of those cases. You're not aware of the cases. Did you read the opposing counsel's brief? I did. I don't think you're aware of them. You just didn't do anything about it. I don't specifically remember. OK, thank you. Unless the court has any other questions, I'm happy to sit on the briefing. Thank you. Thank you. We'll have it up to a minute. How about that? Thank you. The case is pending before the California Supreme Court is People v. Canazales. And I checked on it yesterday and it has been fully briefed, but there's been no oral argument date set for it. And it's the issue that's listed is was the jury properly instructed on the kill zone theory of attempted murder and a conviction? And there is a companion case with it, the Westfield case also. As to Albano Lee, specifically this court stated that the only question presented by this appeal is a narrow one. So there's no thorough discussion of the categorical approach. So this court, even though the holding of it is that attempted murder in that particular case is found to be a crime of violence, the court did not address any of those issues that we're addressing here today. So I don't think it's binding precedent in any way. I would rest on that. Thank you.
judges: Kozinski, Watford, Bennett